Thomas I. Rozsa, State Bar No. 080615
**ROZSA LAW GROUP LC**
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990
Facsimile (818) 783-0992
Email: [counsel@rozsalaw.com]

Attorneys for Plaintiff
Jonathan Palacio

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Jonathan Palacio, an individual, | Case No. 2:16CV1354 |
| Plaintiff, | **VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| vs. | |
| Dos Burritos, a California business entity; Alejandro Mendez, an individual; Leticia Mendez, an individual; and DOES 1-10, Inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW PLAINTIFF Jonathan Palacio (hereafter "Plaintiff") and for his complaint against Dos Burritos, a California business entity (hereafter "Dos Burritos"); Alejandro Mendez, an individual (hereafter "Alejandro Mendez"); and Leticia Mendez, an individual (hereafter "Leticia Mendez:) and DOES 1-10, Inclusive, (hereafter collectively "Defendants"), (Plaintiff and Defendants are collectively "Parties) alleges as follows:

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an action for federal copyright infringement pursuant to United States Copyright Act (17 U.S.C. § 106, *et seq*.) (hereafter the "Copyright Act").

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338 because the action involves substantial claims arising under the Copyright Act.

3. This Court has personal jurisdiction over the Defendants because Defendants have committed acts of copyright infringement within this judicial district. On information and belief, Defendants have a primary business address and/or residence address within this judicial district.

5. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

6. Plaintiff is an individual and a resident of Los Angeles, California, and has had a principal place of business in Los Angeles and has used the post office mailing box address of 18653 Ventura Boulevard, No. 207, Tarzana, California 91356 as the Plaintiff's primary correspondence address and business address for more than twenty (20) years.

7. On information and belief, and, based thereon, Plaintiff alleges that Defendant Dos Burritos is a California business entity having a principal place of business at 6328 Hollywood Boulevard, Hollywood, California 90028 and at all relevant times herein has been and is conducting substantial business within this judicial district and has committed acts of infringement within this judicial district.

8. On information and belief, and, based thereon, Plaintiff alleges that Defendant Alejandro Mendez is either an owner, officer, director or an individual who has at all times relevant to this Complaint had and has control over the operations of Defendant Dos Burritos and including but not limited to all business

transactions with Plaintiff, and at all relevant times herein is conducting substantial business in this judicial district.

9. On information and belief, and, based thereon, Plaintiff alleges that Defendant Leticia Mendez, the sister of Alejandro, is either an owner, officer, director or an individual who has at all times relevant to this Complaint had and has control over the operations of Defendant Dos Burritos, and including but not limited to all business transactions with Plaintiff, and at all relevant times herein is conducting substantial business in this judicial district.

10. Plaintiff is currently unaware of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of such fictitiously named defendants when the same have been ascertained.

11. Plaintiff is informed and believes, and based on such information alleges, that at all relevant times, each of the Defendants was the agent, servant, employee and/or co-defendant and, taking the actions or omitting to take the actions as alleged herein, each of the Defendants was acting within the course and scope of such agency, servitude or employment, and each of the Defendants has ratified the acts of its agent. Each of the Defendants is in some form or manner responsible for the conduct herein complained of, and Plaintiff's damages are proximately caused by the conduct of such Defendants.

## **FACTUAL ALLEGATIONS**

12. Plaintiff is in the business of food photography and has been a professional food photographer since approximately 2005.

13. On or about January 2007 Plaintiff entered into a verbal agreement with the Defendants to photograph various plated dishes with the understanding that Defendants would engage the services of Plaintiff to create these photographs

of the Defendants' foods for the purpose of creating advertising posters, club flyers, business cards, and takeout menus for the purposes of promoting and enhancing the Defendants' business. Pursuant to the agreement between Plaintiff and Defendants, Plaintiff engaged in the following course of conduct as an independent contractor:

      13.01 Plaintiff instructed at least one cook on how to prepare specific portions of a meal and how the food was to be cooked to be properly prepared prior to being photographed;

      13.02 After the food was prepared in the Defendants' kitchen, the food was immediately brought to an adjacent room where the Plaintiff had already prearranged a table with a setting including various props the Plaintiff had brought. Plaintiff also had prearranged photo lights, background reflectors, light reflecting art-board, and used a professional grade camera and lens;

      13.03 Therefore, Plaintiff stylized the plates and the settings with Plaintiff's own creativity to ensure that the photographs would provide an understanding to prospective customers of Mexican cuisine to generate substantial revenue and enhance the business look for the Defendants by all of the advertisements using the Plaintiff's proprietary photographs.

      14. Pursuant to the consent of the Defendants, Plaintiff took photographs of 24 of the Defendant's plated food products stylized and arranged by the Plaintiff for the purposes as set forth in Paragraph 13 above. At the time that all of the photographs were created, they were the independent property of the Plaintiff. On information and belief it was clearly understood between Plaintiff and Defendants that Plaintiff owned all right, title and interest in the photographs that were taken. It was the intent of the Parties to enter into consecutive agreements for utilizing the photographs that the Plaintiff took of the plated food for the creation of the following items that included all or a portion of the photographs:

14.01 Takeout menus;

14.02 Catering menus;

14.03 Posters which would be utilized within the store for purposes of enabling a consumer to order product from the visual display created with the use of the photographs;

14.04 Wall menus which would include photographs of the visual display of the plated food for the purposes set forth in Paragraph 13;

14.05 Advertising postcards to be distributed to nightclubs adjacent the area;

14.06 Advertising flyers and photographs to be used online or in social media including, without limitation, Facebook®, Myspace® and Twitter®.

15. Plaintiff has duly obtained a copyright registration for all of the photographs that are the subject of this action. Plaintiff is the owner of United States Copyright Registration Vau 1-187-131 registered on October 3, 2014 (hereafter the " '131 Registration"). A true and correct copy of the Certificate of Registration of the '131 Registration is attached hereto as **Exhibit 1**. A true and correct copy of the deposit copy of the '131 Registration of the plated food dishes protected by the '131 Registration is attached hereto as **Exhibit 2** (hereafter "Copyrighted Works").

16. After the Plaintiff created the Copyrighted Works, the Plaintiff provided the Defendants with proofs of a selection of the photographs, a true and correct copy of which is attached hereto as **Exhibit 3**. It was understood that the proofs were provided only for the purpose of negotiating further agreements to engage Plaintiff's services for the items identified in Paragraph 14. The proofs were not intended to be published or commercialized in any way without the further consent and permission of Plaintiff and proper compensation to Plaintiff as owner of all of the right, title and interest in the Copyrighted Works.

17. Defendants did not fulfill their obligations in that they did not return

the proofs as demanded by the Plaintiff and further, did not engage any further services of the Plaintiff for as set forth in Paragraph 14 above.

18. Based upon the Plaintiff's experience with other clients for which he performed comparable services, it would be reasonably expected by Plaintiff that the amount of revenue to be generated by Plaintiff would be at least $10,000.00 per year for the license to use the Copyrighted Works and for the creation by Plaintiff of the kind of products as are identified in Paragraph 14 above and standard reorders from Plaintiff.

19. On or about September, 2014 Plaintiff become aware of the following acts of the Defendants which constitute infringement of the '131 Registration. These acts of the Defendants are ongoing and on information and belief have been continuous and are still ongoing.

20. Attached hereto as **Exhibit 4** is a true and correct copy of a takeout menu of the Defendants. A comparison of the photographs in Exhibit 4 compared with the proof sheets given to the Defendants attached hereto as Exhibit 3 shows that the Defendants directly copied the Copyrighted Works of the Plaintiff.

21. On information and belief, Plaintiff had printed wall menus which contain copies of the Copyrighted Works. Attached hereto as **Exhibit 5** is a true and correct copy of the point-of-sale wall menus using the Plaintiff's Copyrighted Works.

22. On information and belief, Defendants had posters printed which contain copies of the Copyrighted Works. Attached hereto as **Exhibit 6** is a true and correct copy of a poster using the Plaintiff's Copyrighted Works.

23. On information and belief, Defendants had various advertising displays printed which contain copies of the Copyrighted Works. Attached hereto as **Exhibit 7** are photographs showing the advertising displays that contain the Plaintiff's Copyrighted Works.

24. On information and belief, Defendants have been continuously using

1 and are currently using the Plaintiff's Copyrighted Works in a social media advertisement on EAT24®. A true and correct copy of a posting on EAT24® is attached hereto as **Exhibit 8**.

25. On information and belief, Defendants have been continuously using and are currently using the Plaintiff's Copyrighted Works in a social media advertisement on Yelp®. Attached hereto as **Exhibit 9** is a true and correct copy of a Yelp® advertisement.

26. On information and belief, the Defendants have been continuously using and are currently using the Plaintiff's Copyrighted Works on Facebook®. Attached hereto as **Exhibit 10** is a true and correct copy of a posting on Facebook®.

27. On information and belief Defendants used the Copyrighted Works of Plaintiff in the infringing works described in detail in paragraphs 20 through 26 above, without the knowledge, permission and consent of the Plaintiff. The copies of the infringing works attached hereto as Exhibits 4-10 have been obtained as recently as January 23, 2016, to show that Defendants have continuously infringed and still continue infringe the Copyrighted Works by using all of them in numerous advertising media without the knowledge, permission or consent of the Plaintiff.

## CAUSE OF ACTION FOR
## Federal Copyright Infringement
### [17 U.S.C. § 101, *et. seq.*]

28. Plaintiff repeats, realleges and reavers all of his allegations contained in the above Paragraphs 1 through 27, inclusive, and incorporates these allegations herein by reference.

29. Plaintiff is the owner of the '131 Registration, a true and correct copy of which is attached hereto as Exhibit 2.

30. Plaintiff has complied in all respects with the Copyright Act and with

Case 2:16-cv-01354 Document 1 Filed 02/26/16 Page 8 of 12 Page ID #:8

all other laws governing copyright in connection with the Copyrighted Works. Since the creation of the photographs, Plaintiff has been and still is the sole owner of all right, title and interest in and to the Copyrighted Works.

31. Defendants had access to the Copyrighted Works because they were provided with the proofs during the course of negotiations for the work set forth in paragraph 14. However, instead of engaging the services of Plaintiff and/or licensing the Copyrighted Works from Plaintiff, Defendants engaged a third party, at this time unknown, for the purpose of unlawfully copying the Copyrighted Works and using them as identified in Paragraphs 20 through 27 above, without the knowledge, consent or permission of Plaintiff.

32. On information and belief, Defendants have intentionally, knowingly and willfully copied the Copyrighted Works in order to benefit from the creativity of the Plaintiff's work without having to pay for it.

33. On information and belief, the infringement by Defendants of the Copyrighted Works occurred and continues to occur with Defendants' full knowledge that all, right, title and interest in and to the Copyrighted Works are fully owned by the Plaintiff and that Defendants have no license or permission to use the Copyrighted Works in any way.

34. The acts of Defendants, and each of them, in duplicating, copying, and publishing the Copyrighted Works constitute copyright infringement in violation of 17 U.S.C. 501 of the Copyright Act.

35. Plaintiff is informed and believes and thereon alleges that Defendants knowingly and willfully copied the Copyrighted Works in spite of the fact that they were well aware of the fact that the works were the property of Plaintiff and Defendants has no permission or license to use the Copyrighted Works.

36. The acts of Defendants in reproducing, for financial gain, the copyrighted material protected by the '131 Registration, as evidenced by Exhibits 4 through 10, constitute copyright infringement in violation of the Copyright Act,

- 8 -
VERIFIED COMPLAINT

17 U.S.C. § 501 *et seq*.

37. Defendants' infringement of the Copyrighted Works has irreparably damaged Plaintiff in an amount to be proven at trial.

38. Plaintiff has suffered a loss of profits and other damages and Defendants have earned illegal profits or otherwise benefitted from their infringing acts and unauthorized use of the Copyrighted Works in an amount to be proven at trial.

39. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts of the Copyright Act. Alternatively, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 504(c) which should be enhanced under 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

40. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct, which has caused Plaintiff irreparable injury. Plaintiff is informed and believes and based thereon alleges that Defendants are continuing and will continue their infringement of Plaintiff's rights in and to the Copyrighted Works. Accordingly, Plaintiff is entitled to injunctive relief under 17 U.S.C. § 502, enjoining Defendants from using any of Copyrighted Works and a court order that Defendants' materials that use the Plaintiff's Copyrighted Works without the permission of Plaintiff be impounded and destroyed under 17 U.S.C. § 503.

42. Plaintiff is further entitled to be awarded his attorneys fees and costs of suit under 17 U.S.C. § 505.

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from Defendants, or in concert or participation with Defendants, be permanently enjoined by this Court, from:

    (a) using the Copyrighted Works of the Plaintiff as identified in this Complaint and shown in Exhibits 1, 2 and 3 of this Complaint and making unlawful use of the Copyrighted Works, or any other reproduction, colorable imitation, or simulation of, or any confusingly similar copy of the Copyrighted Works;

    (b) further infringement of the Copyrighted Works in any manner, including aiding, abetting, enabling and/or inducing others to infringe said Copyrighted Works and/or contributing to such infringement;

2. Defendants be ordered to remove all materials that infringe upon the Copyrighted Works, whether in print or digital format;

3. Defendants be ordered to deliver for impoundment and destruction all materials of any type including photographs, menus, calendars, posters, etc. or any other use of the Copyrighted Works in the possession, custody and control of the Defendants which are found to adopt or infringe the Copyrighted Works whether in print or digital format;

4. Defendants be ordered to file with this Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath and setting forth in detail the form and manner in which Defendants have complied with said permanent injunction, pursuant to 17 U.S.C. 502;

5. Defendants be compelled to account to Plaintiff for the unlawful use

of the Copyrighted Works as described in this Complaint;

6. Defendants be ordered to disclose to Plaintiff the third party(s) who created the infringing materials that were used by the Defendants that constitute infringement of the Plaintiff's rights in/to the Copyrighted Works as identified in this Complaint;

7. Plaintiff be awarded all damages caused by the willful acts set forth in this Complaint, including, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c) which should be enhanced because of Defendants' willful copyright infringement;

8. Plaintiff be awarded his costs incurred in this action including attorneys' fees, pursuant to 17 U.S.C. § 505;

9. Defendants be required to pay prejudgment and post-judgment interest on all monetary damages granted to Plaintiff; and

10. Plaintiff has such other and further relief as this Court may deem just and proper.

**ROZSA LAW GROUP LC**

Dated: February 26, 2016

/s/ Thomas I. Rozsa
Thomas I. Rozsa
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990
Facsimile (818) 783-0992

Attorneys for Plaintiff
Jonathan Palacio

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all causes triable to a jury.

**ROZSA LAW GROUP LC**

Dated: February 26, 2016  /s/ Thomas I. Rozsa
Thomas I. Rozsa
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990
Facsimile (818) 783-0992

Attorneys for Plaintiff
Jonathan Palacio

cpl.009